

RECEIVED

AUG 1 5 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Keith A. Clark, #1142, ) C/A No. 9:05-1385-TLW-GCK
)
                         Petitioner, )
) Report and Recommendation
vs. )
)
State of South Carolina; and )
Greenville General Session of Court, )
)
                         Respondents. )

## INTRODUCTION

A Petition and an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 have been submitted to the Court by a state pre-trial detainee, *pro se*.[1] Petitioner is incarcerated at the Greenville County Detention Center, pending trial on state criminal charges. At the time he was arrested in Greenville County in July 2004, Petitioner was serving a period of supervised release as a result of a federal conviction in this Court. See United States v. Clark, Criminal Action No. 4:98-00173-CWH. It does not appear that anything has occurred in Petitioner's federal criminal case since February 2005, when a supervised release violation hearing was cancelled by the Court. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Petitioner has still only partially complied with the three previous Orders issued in this

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

case. (Documents 3, 5 and 6). Each of those Orders was issued in efforts to get Petitioner to submit required documents and information necessary in order for this case to be considered in proper form for determination of whether or not it should be served on Respondents. Although Petitioner has not paid the filing fee or filed a motion to proceed *in forma pauperis* in this case as directed, from the compliance that he *has* made, it is now clear that this case should be summarily dismissed. As a result, any further compliance with the orders as they relate to fee payment or the filing of a motion to proceed *in forma pauperis* is unnecessary to the proper disposition of this case.

In his Amended Petition, Petitioner claims that he should be released from pre-trial detention because "his 5th, 6th, 8th, and 14th Amendment rights are being violated." Amended Petition, at 8. Specifically, Petitioner claims that he should be released from jail because his court-appointed attorney has not promptly responded to his requests for the results of his DNA testing and for a copy of the State's discovery in his state criminal action. Furthermore, Petitioner alleges that his "bond is excessive" and that his requests for his attorney to file motions for speedy trial and bond reduction have been ignored. Amended Petition, attachment pages 1-2. Essentially, Petitioner alleges that he is being denied effective assistance of counsel in his state criminal case. However, in his Answers to the Court's Special Interrogatories, he acknowledges that, other than a request to suspend or remove his court-appointed counsel and to require her to turn over the State's discovery, he has not filed any formal requests via *pro se* motions or otherwise for relief with the state trial court for the constitutional violations

2

he claims to be suffering. (Document 8, answer 1). It does not appear that the Greenville County court has rules on the requests Petitioner has filed, much less that any ruling that might have been made has been fully reviewed by the state appellate courts. Because it is clear from the face of the Amended Petition and from his Answers to the Court's Special Interrogatories that Petitioner has not fully exhausted his state court remedies and that this is not an exceptional case requiring federal interference with state criminal proceedings, this case is subject to dismissal without prejudice and without service on Respondents.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and Amended Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto,

405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition and Amended Petition submitted in this case are subject to summary dismissal.

## DISCUSSION

Since Petitioner is a state pre-trial detainee with respect to the complained-of state court proceedings, his exclusive federal remedy for the alleged constitutional violations is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. The undersigned is treating the Petition and Amended Petition in this case as petitions for writ of habeas corpus under 28 U.S.C. § 2241(c)(3). Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, federal courts have held that exhaustion is necessary in habeas cases filed under § 2241, just as it is necessary in cases filed under § 2254. *See, e.g.,* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *See* Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980). *Cf.* Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981).

4

In order for Petitioner to properly exhaust his state court remedies, the issues which Petitioner attempts to raise in this case must first be considered in the Court of General Sessions for Greenville County. The Court of General Sessions for Anderson County is a court in the State of South Carolina's unified judicial system. See Art. V, § 1, S.C. Const. ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); Spartanburg County Dept. of Social Servs. v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988); Cort Indus. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975). However, as stated above, there is nothing in the either the Petition or Amended Petition to indicate that the Petitioner has raised the constitutional issues that he seeks to raise in this case by motion or otherwise in the Greenville County court where his charges are pending, much less that the state court system has ruled on his contentions. As a result, it is clear from the face of the pleadings in this case that Petitioner has not exhausted his available state court remedies.

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), cert. denied, 494 U.S. 1030 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the

Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *See* Cinema Blue, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Petitioner's allegations do not show that his case is one containing the type of extraordinary circumstances that would require this Court to insert itself into the pending state criminal case.

If the Petitioner is ultimately tried, convicted, and sentenced in his pending criminal case, he then has the state remedy of filing a direct appeal in which he can assert any alleged pre-trial procedural issues. *See* State v. Ard, 332 S.C. 370, 505 S.E.2d 328 (1998). If his direct appeal is unsuccessful, he can then file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can then file an appeal in that post-conviction case. *See* § 17-27-100, S.C. Code; Knight v. State, 284 S.C. 138,

6

325 S.E.2d 535 (1985). It is well settled that a direct appeal is a viable state court remedy, see Castille v. Peoples, 489 U.S. 346, 349-352 (1989), and that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at section 17-27-10 et seq., South Carolina Code of Laws, is also a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), cert. denied, 439 U.S. 838 (1978); Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), cert. denied, 434 U.S. 929 (1977).

Since the Petitioner has not yet been tried or sentenced and has yet to exhaust at least three viable state court remedies — a motion to suppress evidence and/or motion to dismiss charges in trial court, a direct appeal and (if necessary) an application for post-conviction relief, this Court should not keep this case on its docket while the Petitioner is exhausting his state court remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." See Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts." ).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition and Amended Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts

have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ George C. Kosko*
George C. Kosko
United States Magistrate Judge

August 15, 2005
Charleston, South Carolina

8

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**